

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2010

# Ruth Valencia Procel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2384

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Ruth Valencia Procel v. Atty Gen USA" (2010). *2010 Decisions.* Paper 1684.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1684

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2384
_____

RUTH GIOVANNA VALENCIA PROCEL,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-423-069)
Immigration Judge: Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2010
Before:  SCIRICA, Chief Judge, SMITH and WEIS Circuit Judges

(Opinion filed:  March 19, 2010)

_____

OPINION
_____

PER CURIAM.

        Ruth Giovanna Valencia Procel seeks review of the Board of Immigration

Appeals' ("BIA") final order dismissing her appeal of the Immigration Judge's ("IJ")

1

denial of her application for withholding of removal and relief under the Convention Against Torture ("CAT"). We will deny the petition.

Procel is a native and citizen of Ecuador. She entered the United States on a B2 visa in 2001 and later returned to the United States on a second B2 visa in July 2003. Procel overstayed her second visa and was issued a Notice to Appear in April 2005. In April 2007, she filed an application seeking withholding of removal and protection under the CAT, claiming that she fears future persecution because, as a female living in Ecuador, she would be subject to gender-based violence.[1]

In March 2008, the IJ denied Procel's application. Although he found her testimony to be credible, he concluded that the evidence she presented did not support a finding that she experienced past persecution, or would be subject to future persecution, on account of her gender. Procel appealed and, in an April 2009 decision, the BIA affirmed the IJ's ruling. Procel filed a timely petition for review in this Court.

This Court has authority to review final orders of removal. See 8 U.S.C. § 1252(a). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). The BIA's factual determinations are upheld if they are supported by reasonable, substantial, and probative

---

[1] Procel was ineligible for asylum because she did not file an application for such relief within one year of her arrival. See 8 U.S.C. § 1158(a)(2)(B).

2

evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

In order to obtain withholding of removal, Procel bears the burden of establishing that she would "more likely than not" suffer persecution in Ecuador on account of her race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1231(b)(3)(A); see also Wu v. Ashcroft, 393 F.3d 418, 423 (3d Cir. 2005). This requires her to show a "clear probability" of persecution. INS v. Stevic, 467 U.S. 407, 429 (1984). In order to establish eligibility for withholding of removal based on past persecution, Procel must further demonstrate a sufficient "nexus" between the alleged persecution she suffered and a protected ground. See Ndayshimiye v. Att'y Gen., 557 F.3d 124, 129 (3d Cir. 2009). While she need not demonstrate that the protected ground was the exclusive motivation behind the persecution, she must provide some evidence of motive, whether direct or circumstantial. See Lie v. Ashcroft, 396 F.3d 530, 535 (3d Cir. 2005).

For relief under the CAT, Procel must demonstrate that it is more likely than not that she would be tortured if removed to Ecuador. See 8 C.F.R. § 1208.16(c)(2). Under the relevant regulation, torture means "severe pain or suffering" inflicted at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. See 8 C.F.R. § 1208.18(a)(1).

At her administrative hearing, Procel testified that while she lived in

3

Ecuador, on one occasion, while working at a hotel, she was propositioned by a male guest, and that the guest was asked to leave by her supervisor. On another occasion, she testified that she was robbed by three unknown men in a park. She further testified about an incident when she was robbed by unknown men, during which she was pushed to the ground and hit with a pistol. When asked by the IJ if she had reported any of the incidents to police, Procel stated that she had not.

We find that substantial evidence supports the BIA's conclusion that Procel was unable to establish a sufficient nexus between the attacks she described and a protected ground. The evidence that Procel presented does not support a finding that her attackers sought to harm her on account of her identifying characteristics. Rather, it appears that she was the victim of criminal acts not linked to any enumerated ground. At her administrative hearing, Procel admitted that her brother had also been the victim of a robbery, supporting the conclusion that the violence that Procel experienced stemmed from what appears to be a generalized crime problem in Ecuador. See Abdille v. Ashcroft, 242 F.3d 477, 494-95 (3d Cir. 2001) (mere generalized lawlessness and violence between diverse populations is not sufficient to grant asylum).

Moreover, even if Procel had been able to demonstrate a nexus, she did not show that authorities were unable or unwilling to investigate or control the attacks she endured. See Lie v. Ashcroft, 396 F.3d at 537-38 (stating "as with any claim of persecution, violence or other harm perpetrated by civilians . . . does not constitute

4

persecution unless such acts are 'committed by the government or forces the government is either 'unable or unwilling' to control.'").  Procel did not give the police an opportunity to investigate her attackers, and she produced no evidence that they were unwilling to do so in her case.

Finally, the BIA did not err when it concluded that Procel did not establish a basis for relief under the CAT, as she did not demonstrate that it is more likely than not that she would be tortured if returned to Ecuador.  Accordingly, we will deny the petition for review.